

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JPL:CHB
*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 5, 2012

By Hand Delivery & ECF

The Honorable Nicholas J. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Tyhe Walker
           Criminal Docket No. 10-615 (S-2)(NGG)

Dear Judge Garaufis:

    The government submits this letter in advance of the defendant's sentencing, which is scheduled for March 8, 2012, and in response to the defendant's sentencing letter.

I.    Background

    The defendant was arrested in October 2010 in connection with a long-term investigation into a group of violent narcotics traffickers in and around the Gowanus Public Housing Development in Brooklyn, New York. In connection with that investigation, undercover officers from the New York City Police Department ("NYPD") purchased quantities of crack cocaine directly from the defendant in 2008.

    After the defendant was arrested, he sought bail, and the government opposed that application. In opposing the defendant's request for bail, the government noted that the defendant faced a ten-year mandatory minimum sentence and, according to the defendant's bail report, he might also be subject to enhanced sentencing as a career offender. The Court denied the defendant's request to be released on bail.

    In October 2011, the defendant pleaded guilty pursuant to a plea agreement to a lesser included offense, which subjected him to a statutory mandatory minimum sentence of five years' imprisonment. In the plea agreement, the government estimated that the defendant's advisory sentencing range under the Guidelines would be 51-63 months' imprisonment. That estimate

was derived from a base offense level of 26 (predicated on the defendant's stipulation that the offense involved at least 50 grams of crack cocaine) and a three-point downward adjustment for acceptance of responsibility.  In the agreement, and based on a single, felony narcotics conviction from 2002 that was reflected in the defendant's federal criminal history report that the government provided to the defendant in discovery, the government estimated that the defendant was in Criminal History Category II. In his agreement, the defendant agreed not to file an appeal or otherwise challenge his conviction or sentence if the Court sentenced him to 71 months or below.

In January 2012, the Probation Department prepared a Pre-Sentence Investigation Report ("PSR").  The PSR noted that the defendant had two prior felony convictions involving the distribution of narcotics:  one from 1999 that was <u>not</u> reflected in his federal criminal history report, and one from 2002 that was reflected in his federal criminal history report.  The PSR thus determined that the defendant was subject to enhanced sentencing under the Guidelines as a career offender.  <u>See</u> U.S.S.G. 4B1.1.  The PSR therefore concluded that the defendant was subject to an estimated sentencing range under the Guidelines of 188-235 months' imprisonment.

II.     <u>Defendant's Sentencing Letter</u>

By letter dated February 10, 2012, the defendant objects to his sentencing range as a career offender and requests a sentence of 60 months' imprisonment.  Among other things, the defendant notes that a sentence of 60 months is in accordance with the estimate in the plea agreement between the parties.  He also contends that his 1999 felony narcotics conviction was very minor, was originally a youthful-offender adjudication of probation that was only converted into a qualifying conviction for purposes of the career offender Guideline because of his 2002 felony narcotics conviction, and was not reflected in the federal criminal history report that was provided to him in discovery by the government.  Finally, the defendant requests a lesser sentence based on the continued disparity between crack and powder cocaine, his ongoing mental health and addiction issues, and his family background.

III.    <u>The Government's Response</u>

The government does not oppose the defendant's request that the Court sentence him to a term of imprisonment within the Guideline range reflected in the plea agreement between the parties.  In light of the arguments advanced by the government in

connection with the defendant's bail application, it appears as though the government was on notice that the defendant may have been a career offender, and the government did not investigate that issue in further detail prior to reaching its agreement with the defendant, which relied on the defendant's federal criminal history report and did not reflect the 1999 felony conviction.

In addition, as a result of its ongoing investigation, the government understands that the defendant does have mental health and addiction issues which further indicate that a sentence within the range estimated in the plea agreement between the parties better reflects the factors set forth in 18 U.S.C. § 3553(a).

IV. Conclusion

Based on the foregoing, the government submits that a sentence within the Guideline range reflected in the plea agreement between the parties is appropriate.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:        /s/
Carter Burwell
Assistant U.S. Attorney
(718) 254-6313

cc: Clerk of Court (FB) (by ECF)
    Donna Newman, Esq.